THE STATE OF OHIO, APPELLEE, *v*. BROWN, APPELLANT.

[Cite as *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040.]

*Criminal law — Speedy-trial statute — Demand for discovery or bill of particulars is tolling event pursuant to R.C. 2945.72(E).*

(Nos. 2001-1686 and 2001-1688 — Submitted September 17, 2002 — Decided December 23, 2002.)

APPEAL from and CERTIFIED by the Court of Appeals for Fayette County, No. CA2000-10-027.

_____

SYLLABUS OF THE COURT

A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E).

_____

PFEIFER, J.

{¶1} Appellant, Anthony David Brown, contends that his counsel was ineffective because counsel did not assert that Brown's right to a speedy trial had been violated. For the reasons that follow, we conclude that Brown's counsel was not ineffective and affirm the judgment of the court of appeals.

{¶2} On June 16, 2000, a grand jury in Fayette County returned an indictment charging Brown with the rape and abduction of Patti Burden. At the request of the prosecution, the court of common pleas ordered Brown held without bail pending trial and scheduled a jury trial for September 5, 2000. On July 18, 2000, Brown filed a request for a bill of particulars and a demand for discovery. The state responded to this request on July 25, 2000.

**{¶3}** Brown's trial began on September 13, 2000, 92 days after Brown's arrest on June 13. The jury returned verdicts of guilty on both counts. The court of common pleas conducted a sentencing hearing on October 12, 2000, and entered judgment imposing consecutive prison terms of five years and two years respectively on Brown's convictions of rape and abduction.

**{¶4}** On appeal, Brown alleged that his trial counsel was ineffective for failing to file a motion to dismiss the charges for violation of Ohio's Speedy Trial Statute, R.C. 2945.71 and 2945.72. The court of appeals determined that the delay necessitated by the state's response to Brown's request for a bill of particulars was chargeable to Brown. Therefore, according to the court of appeals, the total days charged to the state at the time of trial was 85, within the statutory period.

**{¶5}** On September 17, 2001, the Court of Appeals for Fayette County filed an entry certifying a conflict between its judgment and judgments of the First and Fifth District Courts of Appeals on the following question:

**{¶6}** "[W]hether the defendant's filing of a request for discovery or for a bill of particulars, and the state's response thereto, extends that time within which the defendant must be brought to trial under the Ohio speedy trial statute, R.C. 2945.71 *et seq.*"

**{¶7}** The cause is now before this court pursuant to the allowance of a discretionary appeal and this court's determination that a conflict exists.

**{¶8}** R.C. 2945.71(C)(2) states:

**{¶9}** "(C) A person against whom a charge of felony is pending:

**{¶10}** "* * *

**{¶11}** "(2) Shall be brought to trial within two hundred seventy days after the person's arrest."

**{¶12}** R.C. 2945.71(E) states:

**{¶13}** "(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

**{¶14}** Brown was held in lieu of bail. Accordingly, to avoid violating Brown's rights under R.C. 2945.71, the state had to begin its case within 90 days of Brown's arrest. However, the time constraints of R.C. 2945.71 may be extended in certain circumstances. R.C. 2945.72 states:

**{¶15}** "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

**{¶16}** "* * *

**{¶17}** "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused."

**{¶18}** The court of appeals stated that it is well established that requests for discovery and motions for bills of particulars are tolling events pursuant to R.C. 2945.72(E), citing its decision *State v. Benge* (Apr. 24, 2000), 12th Dist. No. CA99-05-095, 2000 WL 485524. We agree.

**{¶19}** In *Benge*, the court cited several of its own decisions and reviewed decisions from other courts of appeals around the state, and concluded that only the Fifth District Court of Appeals was in conflict with the Twelfth District rule. Id. at fn. 3. The court noted that the Twelfth District rule was followed by the Third, Eighth, and Tenth District Courts of Appeals. The Second District Court of Appeals, *State v. Scott* (Dec. 14, 2001), Miami App. No. 2001 CA 8, 2001 WL 1598016, and the Fourth District Court of Appeals, *State v. Heyward* (May 18, 1998), Pickaway App. No. 96CA42, 1998 WL 290238, have also adopted the rule. The First District Court of Appeals has ruled that motions for bills of particular do not always toll time. *State v. Spicer* (May 8, 1998), Hamilton App. Nos. C-

970480 and C-970454, 1998 WL 226411. The *Benge* court concluded that the Twelfth District line of cases was more persuasive and declined to revisit the issue.

**{¶20}** The appeal before us is directed at whether Brown's counsel provided ineffective assistance. "To win a reversal on the basis of ineffective assistance of counsel, the defendant must show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693. Accord *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus." *State v. Jones* (2001), 91 Ohio St.3d 335, 354, 744 N.E.2d 1163. Given the well-established rule that requests for discovery and motions for bills of particulars are tolling events pursuant to R.C. 2945.72(E), there is not a "reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. Accordingly, we conclude that counsel was not deficient in failing to raise the speedy-trial issue and, therefore, that Brown was not denied effective assistance of counsel.

**{¶21}** We turn to the certified question. R.C. 2945.72(E) provides for the tolling of the speedy-trial time limit for "[a]ny period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused."

**{¶22}** This is an issue of first impression in this court. As noted above, we are aware that a majority of lower courts that have ruled on this issue have determined that discovery requests are tolling events pursuant to R.C. 2945.72(E). We agree.

**{¶23}** Discovery requests by a defendant divert the attention of prosecutors from preparing their case for trial, thus necessitating delay. If no

tolling is permitted, a defendant could attempt to cause a speedy-trial violation by filing discovery requests just before trial. Courts could grant case-by-case exceptions but would then be in the unenviable position of deciding how close to trial is too close to request additional discovery. Further, prosecutors could be forced to make hurried responses to discovery requests to avoid violating the speedy-trial statute. We conclude that allowing a defendant's discovery requests to toll the running of the speedy-trial period is the most sensible interpretation of R.C. 2945.72(E).

{¶24} "The rationale supporting [the speedy-trial statute] was to prevent inexcusable delays caused by indolence within the judicial system." *State v. Ladd* (1978), 56 Ohio St.2d 197, 200, 10 O.O.3d 363, 383 N.E.2d 579. Nothing in the case before us suggests that indolence contributed to the delay in Brown's trial.

{¶25} Finally, we note that this case revolves around the statutory right to a speedy trial, not the constitutional right to a speedy trial. See Section 10, Article I of the Ohio Constitution and the Sixth Amendment to the United States Constitution.

{¶26} For all the above reasons, we conclude that a demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E).

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and Lundberg Stratton, JJ., CONCUR.

COOK, J., dissents.

_____

**COOK, J., dissenting.**

{¶27} Because Brown did not properly preserve for review the certified issue of whether a defendant's filing of a request for discovery or for a bill of

particulars tolls the running of the speedy-trial statutes, this court should dismiss this cause as having been improvidently allowed.

{¶28} Brown raised the alleged violation of Ohio's speedy-trial statutes only as part of a claim of ineffective assistance of counsel. He argues that his counsel was ineffective for failing to file a motion to dismiss based on speedy-trial grounds. To demonstrate ineffective assistance, Brown must show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so "as to deprive defendant of a fair trial." *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus.

{¶29} Counsel was not *deficient* in failing to claim a violation of the Speedy Trial Act here, given that the binding precedent of the appellate district supported the state's position. Cf. *State v. Hooks* (2001), 92 Ohio St.3d 83, 84, 748 N.E.2d 528; *State v. Keene* (1998), 81 Ohio St.3d 646, 668, 693 N.E.2d 246. The Twelfth District Court of Appeals had held that a defendant's request for a bill of particulars or discovery—both of which Brown's counsel filed—tolls the running of the speedy-trial period. See *State v. Benge* (Apr. 24, 2000), 12th Dist. No. CA99-05-095, 2000 WL 485524. And as of the date of Brown's trial, this court had not addressed the effect of a defendant's discovery requests on the running of the speedy-trial period. Thus, the trial court would have been bound to follow the Twelfth District law in denying any motion to dismiss predicated on those grounds. Because counsel had no duty under *Strickland* to file a motion that would have been unsuccessful, Brown cannot satisfy the first prong of *Strickland* by showing that his lawyer's performance was deficient. This *ineffective-assistance* analysis is substantively distinguishable from the judgments of the First and Fifth District Courts of Appeals that addressed the *merits* of the speedy-trial

6

issue and that served as the purported conflict cases. See *State v. Spicer* (May 8, 1998), 1st Dist. Nos. C-970480 and C-970454, 1998 WL 226411; *State v. Cox* (Apr. 1, 1987), 5th Dist. No. CA-367, 1987 WL 9956.

{¶30} By failing to raise a speedy-trial claim except as part of a claim of ineffective assistance of counsel, Brown has waived, or forfeited, all but plain error. Cf. *State v. Moreland* (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894; *Partsch v. Haskins* (1963), 175 Ohio St. 139, 23 O.O.2d 419, 191 N.E.2d 922. The majority's analysis ignores this point and addresses the merits of the speedy-trial issue. If the speedy-trial issue warrants review by this court, the review must occur only in the context of whether the failure to discharge Brown on speedy-trial grounds amounted to plain error. This court could not find plain error here given that, at the time of trial, this court had not decided the speedy-trial question and the Ohio appellate districts are split on the issue. See *State v. Barnes* (2002), 94 Ohio St.3d 21, 28, 759 N.E.2d 1240 (holding that no plain error exists where there is a lack of a definitive pronouncement from this court and disagreement among lower courts on an issue, because the alleged error cannot be said to be "plain").

{¶31} Accordingly, because this court improvidently accepted this cause as presenting a conflict among the district courts of appeals, I would dismiss it. I therefore respectfully dissent.

_____

Dennis C. Belli, for appellant.

Steven H. Eckstein, Fayette County Prosecuting Attorney, for appellee.

Betty D. Montgomery, Attorney General, David M. Gormley, State Solicitor, and Robert L. Strayer, Assistant Solicitor, urging affirmance for amicus curiae Attorney General of Ohio.

William F. Schenck and Robert K. Hendrix, urging affirmance for amicus curiae Ohio Prosecuting Attorneys' Association.

_____