OPINION
{¶ 1} Appellant Jeffrey Cook appeals a judgment of the Licking County Common Pleas Court convicting him of felony domestic violence upon a plea of no contest:
 {¶ 2} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO DISMISS."
 {¶ 3} Appellant's sole argument on appeal is that the court erred in denying his motion to dismiss the charge for violation of his right to speedy trial.
 {¶ 4} Appellant was arrested on October 10, 2002. Appellant's initial appearance occurred on October 21, at which time he requested a continuance to obtain counsel. The continuance was granted, and arraignment was continued until October 28, 2002. On October 22, appellant requested discovery. Discovery was provided on November 12, 2002.
 {¶ 5} From the date of arrest until December 6, appellant was being held on a holder from Coshocton County, as well as on a probation violation sentence from the Licking County Municipal Court. As of December 6, the Coshocton County holder and the probation violation had been completed. Trial was scheduled for February 18, 2003.
 {¶ 6} The court concluded that a total of 257 days had lapsed, thereby meeting the speedy trial 270-day limit for a felony. The court calculated that from October 10 until December 6, appellant would receive a 1-for-1 credit on the time limit, as he was being held on several charges. The court removed 21 days from the calculation, finding that the speedy trial time was tolled from the date the request for discovery was filed, until discovery was provided. The court therefore gave appellant credit for 35 days from October 10, 2002, until December 6, 2002. From December 6, until February 18, the court gave appellant 3-for-1 credit, pursuant to R.C. 2945.71(E). The court gave appellant credit for 222 days for this time period, and found a total of 257 days had elapsed of the 270 day time within which appellant must be brought to trial.
 {¶ 7} Appellant concedes that if the time during which his discovery motion was pending tolled the speedy trial clock, then he was brought to trial within the statutory time. However, appellant argues that the court erred in failing to narrowly interpret the Ohio Supreme Court's decision in State v. Brown, 98 Ohio St.3d 121, 2002-Ohio-7040. Appellant concedes that in Brown, the Ohio Supreme Court found that the time during which a discovery motion filed by a defendant is pending tolls the speedy trial clock. However, appellant argues that the case should be read narrowly to toll the speedy trial time only in the case where the discovery motion causes an actual delay in bringing the defendant to trial, and not in a case such as the instant case, where the motion was filed well ahead of trial and answered promptly.
 {¶ 8} The Ohio Supreme Court specifically rejected this case-by-case approach in Brown. The Court held that if trial courts granted case-by-case exceptions, the courts will be placed in the unenviable position of deciding how close to trial is too close to request additional discovery, and prosecutors could be forced to make hurried responses to avoid violating the speedy trial statute. Id. at paragraph 23. The court concluded that allowing a defendant's discovery request to toll the running of the speedy trial period is the most sensible interpretation of R.C. 2945.72(E). Id.
 {¶ 9} As Brown clearly applies to the instant case, the court did not err in overruling appellant's motion to dismiss.
 {¶ 10} The assignment of error is overruled.
 {¶ 11} The judgment of the Licking County Common Pleas Court is affirmed.
By Gwin, P.J., and Farmer, J., concur.