¶ 12 I concur in the majority's analysis and disposition of appellant's assignment of error based upon the authority of State v.Brown, 98 Ohio St.3d 121, 2002-Ohio-7040. I write separately only to urge the Ohio Supreme Court to reconsider its decision in Brown. My reasons follow.
 {¶ 13} The Brown decision holds discovery requests are tolling events pursuant to R.C. 2945.72(E). Id. at para. 22. The Supreme Court's stated rationale for so finding is "Discovery requests by a defendant divert the attention of prosecutors from preparing their case for trial, thus necessitating delay. If no tolling is permitted, a defendant could attempt to cause a speedy trial violation by filing discovery requests just before trial. Courts could grant case-by-case exceptions, but would then be in the unenviable position of deciding how close to trial is too close to request additional discovery. Further, prosecutors could be forced to make hurried responses to discovery requests to avoid violating the speedy trial statute. We conclude that allowing a defendant's discovery requests to toll the running of the speedy trial period is the most sensible interpretation of R.C. 2945.72(E)." Id at 23. I respectfully take issue with the Supreme Court's analysis.
 {¶ 14} Crim.R. 16 distinguishes requests for discovery from motions for discovery. A request for discovery does not involve any intervention by the court and does not necessitate delay on the part of the court in the scheduling of the trial. I concede a request for discovery may necessitate delay by diverting the attention of prosecutors from preparing their case for trial. I say "may" because preparing a discovery response seems to be an integral part the of process of preparing for trial and often times requires only a minimal amount of time and effort. My experience is in many cases the discovery response is prepared by administrative staff and only reviewed by the prosecutor for approval and signature. The delay necessitated by the response is often minimal, if any. If the prosecution felt the time spent preparing its discovery response hampered its ability to prepare for trial, it could move to continue the trial and any time during such continuances would be tolled under R.C. 2945.72(H).
 {¶ 15} I find the Supreme Court's concern over the timing of the discovery request most significant. Any last minute attempt by a defendant to cause a speedy trial violation by filing discovery requests just before trial is prohibited by Crim.R. 16(F). The rule provides a defendant must make his motion for discovery within twenty-one days after arraignment or seven days before the date of trial, whichever is earlier, or at such reasonable time later as the court may permit. Because a motion for discovery must be preceded by a demand [request] for discovery, it is axiomatic a defendant's request for discovery must be made, at the latest, seven days before trial. If made thereafter, the request would be untimely and not require continuance of an otherwise timely scheduled trial. If the defendant is unprepared to proceed to trial without discovery after having timely requested it, the defendant would then move the trial court to compel discovery and/or continue the case. In such a scenario, the speedy trial limit would be tolled by the defendant's motion and not his mere request for discovery.
 {¶ 16} By tolling the time period between the discovery request and response, there is no incentive for the prosecutor to promptly respond to the request. The prosecution could deliberately choose to delay its discovery response forcing the accused to file a motion for discovery and to secure a court order compelling the prosecution to provide it. If a defendant is in jail, such delay could provide a tactic to induce a plea. The end result is a defendant is forced to give up a portion of his or her statutory right to a speedy trial if the defendant chooses to exercise his or her right to discovery under Crim.R. 16. The defendant should not be forced to surrender one right to enforce another.
 {¶ 17} By not tolling the speedy trial time limit until a defendant files a motion for discovery, the defendant's right to a speedy trial is not compromised, and the defendant's right to a fair trial with discovery would be preserved.
 {¶ 18} In this case sub judice, there is no indication the prosecution was delayed in its preparation for trial because of appellant's discovery request. Nothing in the record suggests it would have been unable to prosecute the case on the originally scheduled trial date and within the speedy trial guidelines, but for time spent preparing the discovery response. Although as an appellate jurist, I normally welcome bright line tests and general rules of law, I am not persuaded the Supreme Court's attempt to avoid a case-by-case analysis is warranted in these cases.