DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, David Aderhold, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Aderhold was arrested on September 9, 2006. On September 13, 2006, the grand jury indicted him on one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree. The trial court scheduled a trial for December 4, 2006.
 {¶ 3} On September 29, 2006, Aderhold filed a motion for discovery. The State answered Aderhold's demand for discovery on November 29, 2006. *Page 2 
 {¶ 4} On December 5, 2006, the trial court sua sponte continued the trial until December 11, 2006. On December 8, 2006, Aderhold filed a motion to discharge the case pursuant to R.C. 2945.73 on the basis that the State had failed to adhere to the defendant's right to speedy trial. The State filed a response in opposition on December 12, 2006. The trial court held a hearing on Aderhold's motion the same day. Aderhold posted bond and was released from jail on December 12, 2006.
 {¶ 5} At the December 12, 2006 hearing, the trial court indicated that it believed that time was tolled for speedy trial purposes based on Aderhold's filing of his motion for discovery, pursuant to the Ohio Supreme Court's holding in State v. Brown (2002), 98 Ohio St.3d 121. Defense counsel asserted that Brown did not "suffice in this particular matter." Defense counsel had no other authority, however, in support of his assertion that the time for speedy trial had run. The trial court offered defense counsel the opportunity to access the court's law library to seek authority, but defense counsel declined.
 {¶ 6} Defense counsel inquired whether the trial court would accept Aderhold's no contest plea, but the trial court refused in the absence of authority that it had to take a no contest plea. Defense counsel asserted that Aderhold wished to take the case to trial. The trial court emphasized that it had not prevented Aderhold from doing anything; rather, it was defense counsel who refused to seek and present any authority which would allow the court to accept *Page 3 
Aderhold's no contest plea under circumstances where defense counsel was asserting that time for speedy trial had run and the Brown case was inapplicable. The trial court inquired whether Aderhold believed that its position impacted on the fairness of the system. Defense counsel informed the trial court that Aderhold was requesting that the trial judge, the Honorable James Kimbler, recuse himself. Judge Kimbler informed Aderhold that he was removing himself from the case and transferring the matter to the administrative judge for reassignment.
 {¶ 7} On December 13, 2006, at 9:54 a.m., Judge Kimbler issued a journal entry in which he denied Aderhold's motion to dismiss on the authority of Brown, supra. On December 13, 2006, at 1:50 p.m., Judge Kimbler issued a journal entry in which he recused himself and transferred the case to the administrative judge for reassignment. On December 15, 2006, the Honorable Christopher Collier transferred the case to his own docket.
 {¶ 8} On December 19, 2006, Aderhold filed a motion to continue the trial. On December 21, 2006, the trial court issued a judgment entry, approved and signed by both Aderhold and his attorney, wherein Aderhold waived his right to speedy trial and the court rescheduled the trial for February 12, 2007.
 {¶ 9} On February 12, 2007, Aderhold appeared for a change of plea hearing. He entered a plea of no contest and the trial court found him guilty of aggravated burglary. The trial court subsequently sentenced him to seven years in *Page 4 
prison and ordered him to pay restitution to the victim in the amount of $11,902.91 for medical expenses and $4,016.96 for lost wages.
 {¶ 10} Aderhold timely appeals, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY IMPROPERLY DENYING DAVID ADERHOLD'S MOTION TO DISMISS AS HIS SPEEDY TRIAL RIGHTS WERE VIOLATED AS WELL AS THE FIRST JUDGE RECUSING HIMSELF BEFORE FORMAL ADJUDICATION."
 {¶ 11} Aderhold argues that the trial court erred by denying his motion to dismiss. He further argues that his motion was never properly disposed because the judge who signed the journal entry denying the motion had no authority to do so, as he had recused himself from the case. This Court disagrees.
 {¶ 12} This Court first addresses Aderhold's argument that Judge Kimbler had no authority to rule on his motion to dismiss because he had recused himself. Aderhold's argument is not well taken.
 {¶ 13} It is well established that "a trial court only speaks through [its] journal entry[.]" State v. Overstreet, 9th Dist. No. 21367, 2003-Ohio-4530, at ¶ 8. In this case, Judge Kimbler did not issue a journal entry recusing himself until after he had issued the journal entry in which he denied Aderhold's motion to dismiss. Because he had not yet formally recused himself from the case, Judge Kimbler had the authority to issue a ruling out of the December 12, 2006 motion *Page 5 
hearing over which he presided. Furthermore, Judge Collier did not accept transfer of the case until December 15, 2006. The reassignment of a case to another judge is not effective until the other judge has knowledge of and accepts the assignment. O'Brien v. Citicorp Mort.Corp. (Feb. 24, 1994), 10th Dist. No. 93AP-1074. Accordingly, Judge Kimbler had the authority to dispose of Aderhold's motion to dismiss.
 {¶ 14} This Court now addresses Aderhold's substantive argument that the trial court erred by denying his motion to dismiss. This argument, too, is not well taken.
 {¶ 15} Aderhold was charged with a felony of the first degree. R.C.2945.71(C)(2) provides that "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(E) provides that "[f]or purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C.2945.73 mandates discharge of a person charged with an offense upon his motion made at or prior to the commencement of trial, if he has not been brought to trial within the time required. However, R.C. 2945.72
provides:
 "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following: *Page 6 
 * * *
 "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused."
 {¶ 16} The Ohio Supreme Court has held that a "demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E).State v. Brown, 98 Ohio St.3d 121, 2002-Ohio-7040, at syllabus.
 {¶ 17} Aderhold was arrested on September 9, 2006, and held in jail in lieu of bail until December 12, 2006. Although the matter was scheduled for trial on December 4, 2006, the trial court sua sponte continued the trial until December 11, 2006. Aderhold filed his motion to discharge on December 8, 2006, ninety days after his arrest. As he was in jail during that time, each day counted as three, so that two hundred seventy days had elapsed for purposes of speedy trial calculation as of December 8, 2006.[1]
 {¶ 18} On September 29, 2006, however, Aderhold filed a motion for discovery, thereby tolling the time pursuant to R.C. 2945.72(E) under the authority of the Supreme Court's holding in Brown. The State filed its answer to the *Page 7 
defendant's discovery demand on November 29, 2006. Although theBrown court did not specify the amount of time which may be tolled because of the defendant's discovery motion, the Ohio Supreme Court more recently has addressed the time tolled pursuant to R.C. 2945.72(E) within the context of the defendant's filing of a motion in limine. InState v. Sanchez, 110 Ohio St.3d 274, 2006-Ohio-4478, at paragraph two of the syllabus, the high court held that such a motion "tolls speedy trial time for a reasonable period to allow the state the opportunity to respond[.]" Neither the Ohio Rules of Criminal Procedure nor the Medina County Local Rules establishes a specific time frame in which a party shall respond to a discovery request. Crim.R. 16(A) merely states that each party shall "forthwith" provide the discovery upon written request of the other party. See, also, State v. Palmer, 112 Ohio St.3d 457,2007-Ohio-374, at ¶ 16. Although we here make no determination as to the specific number of days which would have been reasonable for the State's response under the circumstances of this case, certainly some number of days would have been reasonable. In this case, even the tolling of one day would have kept the matter within the time for speedy trial as of the date of the filing of Aderhold's motion to discharge. Therefore, by the time Aderhold filed his motion to discharge pursuant to R.C.2945.73, fewer than two hundred seventy days had elapsed since his arrest. Accordingly, the trial court did not err by denying the motion to dismiss. Aderhold's assignment of error is overruled.
 III. *Page 8 {¶ 19} Aderhold's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
MOORE, J. DICKINSON, J. CONCUR
[1] Although it could be argued that Aderhold's motion to discharge was premature because the time in which the State could have tried him for speedy trial purposes would not elapse until the next day, Aderhold's trial was not scheduled for another three days. There is nothing in the record to indicate that the trial court was able to commence Aderhold's trial on December 8, 2006. Therefore, absent tolling, there is nothing in the record to show compliance with the speedy trial statute. See State v. D.M. Pallet Serv., Inc. (Nov. 15, 1994), 10th Dist. No. 94APC02-195. *Page 1