DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pickaway County Common Pleas Court judgment of conviction and sentence. A jury found Ronald Jensen, defendant below and appellant herein, guilty of (1) failure to stop after an accident in violation of R.C. 4549.02, and (2) vehicular manslaughter in violation of R.C. 2903.06.
 {¶ 2} Appellant assigns the following errors for review: *Page 2 
 FIRST ASSIGNMENT OF ERROR:
 "DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION BY HIS COUNSEL'S FAILURE TO FILE A MOTION TO DISMISS THE CHARGES FOR A SPEEDY TRIAL VIOLATION."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCES FOR A THIRD-DEGREE FELONY WITHOUT GIVING ADEQUATE JUSTIFICATION FOR IMPRISONMENT."
 {¶ 3} On the night of May 24, 2006, appellant drove through a stop sign at the U.S. Route 23 and Orr Road intersection and entered the highway in front of a motorcycle. Todd Stevens tried stop his motorcycle, but crashed into appellant's car. Stevens died at the scene. Appellant fled the crash site and was apprehended six hours later.
 {¶ 4} The Pickaway County Grand Jury returned an indictment charging appellant with failure to stop after an accident and with vehicular homicide. Appellant pled not guilty to both counts.
 {¶ 5} On March 7, 2007, appellant filed a motion to dismiss on grounds that the indictment omitted the culpable mental state for the crime of failure to stop at the scene of an accident. Appellee agreed with appellant's argument and, on April 3, 2007, the Pickaway County Grand Jury returned a new, superceding indictment that set forth the applicable culpable mental state. This indictment was filed with the same case number and set out the same crimes as the first indictment, but listed the new crimes as counts three and four. On April 3, 2007, counts one and two of the previous indictment were dismissed. Six days later, upon motion of both the prosecutor and defense counsel, the *Page 3 
trial court issued an entry that stated that the record previously established under the previous indictment would also apply to the new indictment. This entry explicitly included all previous "motions and entries."
 {¶ 6} At the conclusion of the trial, the jury found appellant guilty on both counts. The trial court sentenced appellant to serve five years imprisonment for the failure to stop and ninety days for the vehicular homicide. This appeal followed.
 I {¶ 7} Appellant asserts in his first assignment of error that the failure of counsel to file a motion to dismiss the case on speedy trial grounds constitutes ineffective legal assistance. For the following reasons, we find no merit to this argument.
 {¶ 8} Every accused has a constitutional right to counsel, which includes the right to effective assistance from that counsel.McCann v. Richardson (1970), 397 U.S. 759, 770, 25 L.Ed.2d 763,90 S.Ct. 1441; State v. Lytle (Mar. 10, 1997), Ross App. No. 96CA2182. To establish constitutionally ineffective assistance of counsel, an accused must establish that (1) his counsel's performance was deficient, and (2) such deficient performance prejudiced the defense and deprived the accused of a fair trial. Strickland v. Washington (1984), 466 U.S. 668,687, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Issa (2001),93 Ohio St.3d 49, 67, 752 N.E.2d 904.
 {¶ 9} Both prongs of the Strickland test need not be analyzed, however, if an ineffective assistance claim can be resolved under just one. See State v. Madrigal (2000), 87 Ohio St.3d 378, 389,721 N.E.2d 52. For example, if no prejudice can be shown, courts may focus on that issue without determining whether trial counsel's performance was deficient. To establish prejudice, a defendant must demonstrate a reasonable probability exists that, but for counsel's supposed error, the outcome of the *Page 4 
case would have been different. State v. White (1998), 82 Ohio St.3d 16,23, 693 N.E.2d 772; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, at paragraph three of the syllabus.
 {¶ 10} Applying the foregoing principles to the case sub judice, to establish that appellant received constitutionally ineffective assistance from counsel he must prove that a motion to dismiss for a speedy trial violation would have been successful. To that end, appellant argues that from his May 25, 2006 arrest to his April 9, 2007 trial three hundred and thirteen (313) days elapsed. This time period is more than sufficient for dismissal under Ohio law, appellant concludes, and the case would have been dismissed if his trial counsel had properly raised the issue. We, however, disagree with appellant's view.
 {¶ 11} Ohio's speedy trial statute provides that if an accused is not brought to trial within two hundred seventy (270) days of his arrest, he must be discharged. R.C. 2945.71(C)(2) and R.C. 2945.73(B). The statutory time limit may be extended, however, for reasons set out in R.C. 2945.72. For example, the speedy trial time limit is tolled if an accused institutes a motion, proceeding or action. Id. at (E). Furthermore, an accused's discovery demand or bill of particulars request also tolls the statute's time limit. State v. Brown,98 Ohio St.3d 121, 781 N.E.2d 159, 2002-Ohio-7040, at the syllabus.
 {¶ 12} With the foregoing in mind, our calculations reveal that one hundred ninety one (191) days elapsed between appellant's arrest and his trial. Thus, no violation of appellant's speedy trial rights occurred. Appellant was arrested on May 24, 2006 and because nothing appears in the record to show that he remained in jail awaiting trial, the triple-count mechanism does not apply. See R.C. 2945.71(E). *Page 5 
Appellant also requested discovery at his June 15, 2006 arraignment and this request tolled the speedy trial time limit until appellee answered the request on June 27, 2006. Appellant also filed a July 14, 2006 "motion to compel discovery" which tolled the speedy trial time until the trial court decided that motion on September 21, 2006. Speedy trial time was again tolled on December 21, 2006 when appellant requested a bill of particulars and additional discovery. Although appellee responded with a bill of particulars on January 2, 2007, the speedy trial time clock did not restart until discovery was provided eight days later. The speedy trial time tolled yet again when appellant filed a motion to dismiss because of the faulty indictment. The time remained tolled until the trial court decided the motion on April 4, 2007. Appellant's trial occurred five days later. Our calculations are recapitulated as follows:

5/24/06 arrest until 6/15/06 arraignment 22 days
and request for discovery
6/27/06 State's answer to discovery until 17 days
appellant's 7/14/06 motion to compel
discovery
9/21/06 entry on motion to compel discovery 91 days
until 12/21/06 request for discovery and bill
of particulars
1/10/07 answer to discovery until 3/7/07 56 days
motion to dismiss
4/4/07 entry on motion to dismiss until 5 days
start of jury trial on 4/9/07
TOTAL 191 days

 {¶ 13} Appellant does not assert that these events would have impacted the tolling of the statute under normal circumstances. Rather, appellant focuses on the new April 3, 2007 indictment and argues that although the speedy trial time that elapsed prior to filing a new indictment must be credited to his favor, none of the tolling *Page 6 
events that occurred with respect to the previous indictment should be counted against him. We are not persuaded.
 {¶ 14} First, we note that this is not a situation in which a case was dismissed and a new case filed with a new indictment. Here, the original criminal case against appellant was never actually terminated. Rather, a new indictment was filed in the same case and the first indictment was then dismissed.
 {¶ 15} Second, on April 9, 2003 an agreed entry ordered that all proceedings that occurred under the previous indictment would be included and counted under the new indictment. In other words, appellant agreed through counsel that all of the tolling events that occurred with respect to the old indictment could also be counted against him under the new indictment. Appellant, however, now argues that he should not be bound under his earlier agreement.
 {¶ 16} Third, the speedy trial statutes are intended to guard against inexcusable delays caused by judicial indolence. State v. Brown,98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, at ¶ 24; State v. Ladd
(1978), 56 Ohio St.2d 197, 200, 383 N.E.2d 579. We do not believe that the Ohio General Assembly intended that the statutes to be applied in this particular fashion. This case was not simply left to languish in the trial court. Rather, the record reveals numerous proceedings on motions and discovery requests. Indeed, it was through a motion to dismiss that the defect in the previous indictment was discovered. This is not the type of situation that the Ohio General Assembly meant to correct under its speedy trial statutes.
 {¶ 17} Finally, appellant cites no authority to support his proposition that in a situation like this speedy trial time must be counted in his favor, but no tolling events may be counted against him. Appellant does cite State v. Adams (1989), *Page 7 43 Ohio St.3d 67, 538 N.E.2d 1025, at the syllabus, wherein the Ohio Supreme Court held a speedy trial waiver to an initial charge does not apply to additional charges arising from the same facts. We do not believe thatAdams applies here, however. First, this case does not involve speedy trial time waivers. Instead, this case involves various tolling events. Second, this case does not involve an "additional" charge. Rather, this case involves the same charge that first omitted a culpable mental state. Third, in Adams the first complaint charged a violation of R.C. 4511.19(A)(3), but the second complaint charged a violation of subsection (A)(1). Not only are these different offenses, the Ohio Supreme Court also noted that there may well have been some additional tactical reasons to waive speedy trial time on an (A)(3) offense, but not (A)(1) offense. By contrast, in the case sub judice R.C. 4549.02(B) sets out one offense — the failure to stop after an accident. Appellant was not, as in Adams, charged with one offense in the first indictment and then charged with a wholly different offense in the second indictment. Here, the offense remained the same.
 {¶ 18} Recently, the Ohio Supreme Court considered a case almost identical to the case sub judice. In State v. Blackburn118 Ohio St.3d 163, 2008-Ohio-1823, syllabus, the court wrote:
 "In calculating the time within which a criminal defendant must be brought to trial under R.C. 2945.71, periods of delay resulting from motions filed by the defendant in a previous case also apply in a subsequent case in which there are different charges based on the same underlying facts and circumstances of the previous case."
Thus, Blackburn supports the view that periods of delay in a previous case also apply in a subsequent case like the situation in the case at bar.
 {¶ 19} Appellant cites State v. Blauvelt, Butler App. No. CA2007-01-034, 2007-Ohio-5897, to support his argument that the second indictment included "additional" *Page 8 
charges rather than an amended charge. At issue in Blauvelt was whether a speedy trial waiver with respect to an original indictment for public indecency under R.C. 2907.09(A) also applied to a subsequent indictment that included the "physical proximity" requirement that had been omitted from the first indictment. The Twelfth District determined that the previous waiver would not apply because the refiled charge allowed for assertion of an additional defense that the original indictment did not allow. Id. at ¶ 21. Although we cannot say that we would have reached the same result if we had considered that precise issue, we believe that the instant case is distinguishable from Blauvelt. First, the case sub judice does not involve a written waiver of speedy trial, but whether tolling events still apply once a superceding indictment is filed. Second, the Blauvelt court concluded that the refiled charge allowed for a new defense that the original charge did not allow. Appellant has not argued in the case at bar, and we cannot determine, how he may have gained the availability of a new defense.
 {¶ 20} Appellant also cites State v. Templin, Fayette App. No. CA2003-12-014[2], for the proposition that tolling events from an initial charge cannot be carried over when an additional charge is filed. At issue in Templin, however, was a completely new charge that was not part of the original indictment. We do not have that issue here and the Twelfth District did not opine whether tolling events could carry over when a new indictment was filed that contained the same offenses.
 {¶ 21} For these reasons, we are not persuaded that a motion to dismiss for speedy trial violation would have been successful and appellant cannot show that the outcome of this case would have been otherwise. Thus, appellant cannot establish *Page 9 
ineffective assistance of trial counsel.
 {¶ 22} Accordingly, we hereby overrule appellant's first assignment of error.
 II {¶ 23} Appellant asserts in his third assignment of error that the trial court erred by imposing a prison sentence "without giving adequate justification for imprisonment." We disagree.
 {¶ 24} Trial courts may impose any prison sentence within the applicable statutory range and are not required to either make findings or give reasons for imposing such sentences. See State v. Johnson,116 Ohio St.3d 541, 880 N.E.2d 896, 2008-Ohio-69, at ¶ 18; State v.Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, at paragraph seven of the syllabus. Appellant cites State v. Heuser (Sep. 21, 2000), Franklin App. No. 00AP-68 to support his proposition that trial courts must explain their reasons for imposing certain terms of imprisonment. We note, however, that Heuser was decided before Foster.
 {¶ 25} Accordingly, we hereby overrule appellant's second assignment of error.
 {¶ 26} Having reviewed the errors assigned in appellant's brief, and having found merit in none of them, the judgment of the trial court is affirmed.
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J.: Concurs in Judgment Only as to Assignment of Error I 
Dissents as to Assignment of Error II
McFarland, J.: Concurs in Judgment Opinion
Peter B. Abele
Presiding Judge
[2] The Templin case was not assigned an Ohio Supreme Court website number but does include separate paragraph numbers to which we refer. *Page 1