[Cite as *State v. Smith*, 2011-Ohio-5750.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | W. Scott Gwin, P.J. |
| | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| v. | : | Case No. 10CA45 |
| | : | |
| | : | |
| SHAWN M. SMITH | : | O P I N I O N |
| Defendant-Appellant | | |


CHARACTER OF PROCEEDING:      Criminal Appeal from Cambridge
                              Municipal Case No. 10CRB00736

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       November 3, 2011

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

WILLIAM H. FERGUSON                   MELISSA M. WILSON
City of Cambridge Law Director        1009 Steubenville Avenue
150 Highland Ave., Suite 2            Cambridge, Ohio  43725
Cambridge, Ohio  43725

*Edwards, J.*

{¶ 1} Defendant-appellant, Shawn Smith, appeals from the denial by the Cambridge Municipal Court of his Motion to Dismiss on speedy trial grounds. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶ 2} On June 25, 2010, a complaint was filed in Cambridge Municipal Court charging appellant with criminal child enticement in violation of R.C. 2905.05, a misdemeanor of the first degree. After a warrant was issued, appellant was arrested on July 2, 2010. At his arraignment on July 6, 2010, appellant entered a plea of not guilty and a bond of $2,500.00 was set. Appellant failed to post bond and remained in jail. A trial was scheduled for August 4, 2010.

{¶ 3} On July 7, 2010, Attorney William Nicholson was appointed as counsel for appellant. On July 9, 2010, he filed a motion for a pretrial conference and a demand for discovery. Appellee on July 15, 2010, filed its response to appellant's discovery request.

{¶ 4} Thereafter, on July 20, 2010, appellant filed a Motion for a Personal Recognizance Bond. Pursuant to a Journal Entry filed on July 21, 2010, such motion was denied. A pretrial was held on July 26, 2010.

{¶ 5} On August 3, 2010, appellant filed a motion for a continuance of the August 4, 2010 trial date on the basis that both the defense counsel and the Assistant Law Director needed more discovery. As memorialized in an Entry filed on August 3, 2010, the trial was continued to August 13, 2010.

{¶ 6}   Subsequently, on August 11, 2010, appellant filed a request for a jury trial. Pursuant to a Journal Entry filed on August 12, 2010, the case was continued for a jury trial on October 14, 2010.

{¶ 7}   Via a Journal Entry filed on August 13, 2010, the trial court judge, who was Attorney Nicholson's brother, recused himself and ordered the Clerk to secure the appointment of a visiting Judge to hear the case. On August 26, 2010, appellant again filed a Motion for a Personal Recognizance Bond. The motion was denied as memorialized in an Entry filed on September 15, 2010.

{¶ 8}   On October 4, 2010, appellant filed a Motion to Dismiss on speedy trial grounds. Such motion was denied pursuant to an Entry filed on October 12, 2010. Thereafter, on October 14, 2010, appellant entered a plea of no contest to the charge and was found guilty. Appellant was sentenced to 180 days in jail with 76 days suspended and was fined $100.00. Appellant also was placed on unsupervised probation for 12 months.

{¶ 9}   Appellant now raises the following assignment of error on appeal:

{¶ 10} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS FOR LACK OF SPEEDY TRIAL IN VIOLATION OF OHIO REVISED CODE SECTION 2945.71."

I

{¶ 11} Appellant, in his sole assignment of error, argues that the trial court erred in overruling appellant's Motion to Dismiss on speedy trial grounds in violation of R.C. 2945.71.  We disagree.

{¶ 12} The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Pursuant to these constitutional mandates, R.C. 2945.71 through R.C. 2945.73 prescribe specific time requirements within which the State must bring an accused to trial. *State v. Baker,* 78 Ohio St.3d 108, 110, 1997-Ohio-229, 676 N.E.2d 883.

{¶ 13} As relevant to the instant action, R.C. 2945.71(B)(2) requires that a person, such as appellant, against whom a first degree misdemeanor is pending must be brought to trial within 90 days after the person's arrest or service of summons. Each day the defendant is held in jail in lieu of bond, except for the first day, counts for three days for speedy trial purposes. See R.C. 2945.71(E). Once a defendant establishes a prima facie case of a violation of his right to a speedy trial, the burden then shifts to the State to demonstrate the statutory limit was not exceeded by establishing the time was properly extended pursuant to R.C. 2945.72. *State v. Butcher* (1986), 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368.

{¶ 14} Since a defendant's right to a speedy trial is guaranteed by statute and by the Sixth and Fourteenth Amendments to the United States Constitution, extensions of speedy trial time are to be strictly construed against the State. *State v. Singer* (1977), 50 Ohio St.2d 103, 362 N.E.2d 1216. Revised Code 2945.73 mandates that if an accused is not brought to trial within the time requirements of R.C. 2945.71 and 2945.72, the accused shall be discharged. The law in Ohio is that speedy trial time starts to run the day after arrest. R.C. 2945.71. However, speedy trial time is tolled during "(E) Any period of delay necessitated by… motion, proceeding, or action made or instituted by the accused;…"(H) The period of any continuance granted on the

accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72.

{¶ 15} In the case sub judice, appellant was arrested on July 2, 2010. As is stated above, the day of arrest does not count for determining whether a defendant's right to a speedy trial has been violated. Thus, the statutory time began to run on July 3, 2010, the day after appellant's arrest.  The trial was originally scheduled for  August 4, 2010.

{¶ 16} Appellant, who never posted bond, remained in jail until during the pendency of this case. Because appellant remained in jail, he was entitled to the triple count provision contained in R.C. 2945.71(E). Appellant's "try by" date was thus August 2, 2010.

{¶ 17} As is stated above, appellant, on July 9, 2010, filed a demand for discovery. Appellee responded to the same on July 15, 2010. In *State v. Brown,* 98 Ohio St.3d 121, 2002-Ohio-7040*,* 781 N.E.2d 159, the Ohio Supreme Court found that the time during which a discovery motion filed by a defendant is pending tolls the speedy trial clock. Thus, the time between July 9, 2010 and July 15, 2010 was tolled.

{¶ 18} Thereafter, on August 3, 2010, appellant filed a motion for a continuance of the trial date. The speedy trial period is  tolled by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]" R.C. 2945.72(H); *State v. Baker* (1993), 92 Ohio App.3d 516, 636 N.E.2d 363. Pursuant to an Entry filed on August 3, 2010, the trial was continued to August 13, 2010. The time period between August 3, 2010, and August 13, 2010, was thus tolled.

{¶ 19} Appellant, on August 11, 2010, filed a request for a jury trial. Appellant was charged with one count of criminal child enticement, a misdemeanor of the first degree, in violation of R.C. 2905.05. Because appellant was charged with a first degree misdemeanor, which included the possibility of imprisonment, he was entitled to a trial by jury. R.C. 2945.17.

{¶ 20} As memorialized in a Journal Entry filed on August 12, 2010, the trial court ordered that the case be continued for a jury trial on October 14, 2010.

{¶ 21} Crim.R. 23(A) states, in relevant part, as follows: "In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."

{¶ 22} At the time appellant filed his request for a jury demand on August 11, 2010, the trial was set for August 13, 2010. Appellant's request was, therefore, not timely. We find that this time is chargeable to appellant under R.C. 2945.72(E) as a "delay necessitated by reason of…motion, proceeding, or action made or instigated by the accused." See *Village of Botkins v. Kinninger* (Dec. 12, 1991), Shelby App. No. 17-91-15, 1991 WL 261833. Pursuant to a Journal Entry filed on August 12, 2010, the case was continued for a jury trial on October 14, 2010, the day on which appellant entered his plea. We find that the speedy trial time was tolled up to and including October 14, 2010. In so holding, we further note that the trial court judge, pursuant to a Journal Entry

filed on August 13, 2010, recused himself because he was defense counsel's brother and ordered the Clerk to secure the appointment of a visiting judge to hear the case.

{¶ 23} Based on the foregoing, we find that the trial court did not err in denying appellant's Motion to Dismiss on speedy trial grounds.

{¶ 24} Appellant's sole assignment of error is, therefore, overruled

{¶ 25} Accordingly, the judgment of the Cambridge Municipal Court is affirmed.

By: Edwards, J.

Gwin, P.J. and Farmer, J. concur

_____

_____

_____

JUDGES

[Cite as *State v. Smith*, 2011-Ohio-5750.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SHAWN M. SMITH | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10CA45 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Cambridge Municipal Court is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES