[Cite as *State v. McKnight*, 2024-Ohio-2467.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RONALD MCKNIGHT, JR., | : | Case No. 2023 CA 00033 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Fairfield County Municipal Court, Case No. 23-CRB-216

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      June 27, 2024

APPEARANCES:

For Plaintiff-Appellee

JOSEPH M. SABO
City of Lancaster Law Director's Office
136 West Main Street
P.O. Box 1008
Lancaster, Ohio 43130

For Defendant-Appellant

SIERRA SEE
Burkett & Associates, Inc.
738 East Main Street
Lancaster, Ohio 43130

*Baldwin, J.*

**{¶1}** The appellant appeals the trial court's denial of his motion to dismiss the charges against him on speedy trial grounds. Appellee is the State of Ohio.

**STATEMENT OF THE FACTS AND THE CASE**

**{¶2}** On February 14, 2023, a warrant was issued for the appellant on six counts of Violating a Temporary Protection Order in violation of R.C. 2919.27(A)(1), a misdemeanor of the first degree. The warrant was served upon the appellant on February 15, 2023, while he was incarcerated in the Fairfield County Jail on unrelated charges. He was arraigned on February 15, 2023, and given a $10,000 cash/surety 10% bond. The appellant posted bond on February 15, 2023, and was released from jail. On February 16, 2023, the trial court scheduled the appellant's case for a bench trial on April 4, 2023, at 2:00 p.m., which was within the statutory time period.

**{¶3}** The appellant failed to comply with the conditions of his bond. On March 2, 2023, the appellee filed a motion to revoke bond, and the trial court issued a bench warrant for the appellant based upon his failure to comply.

**{¶4}** On April 4, 2023, the appellant did not appear for his scheduled bench trial. As a result, the trial court issued a bench warrant for the appellant's arrest based upon his failure to appear for trial, as well as his failure to comply with the terms of his bond. On April 5, 2023, the trial court issued yet another bench warrant for the appellant's arrest based upon his failure to comply with the terms of his bond.

**{¶5}** On June 15, 2023, the appellant was arrested on the April 4, 2023, bench warrant that had been issued by the trial court for the appellant's failure to appear for trial and to comply with the terms of bond, restarting his "speedy trial clock". On June 16,

2023, he appeared before the trial court and was placed on a ten (10) day jail hold for purposes of complying with Marsy's Law statutory notice requirements.

{¶6}   On June 22, 2023, the appellant's case was scheduled for a bench trial on July 7, 2023, at 1:45 p.m., which was within the applicable statutory time period.  On June 26, 2023, the appellant's bond was modified, and re-set at $10,000 cash/surety 10%. On June 27, 2023, the appellant filed an affidavit of indigency form, and was granted court-appointed counsel. In addition, the appellant posted bond and was released from jail.

{¶7}   On June 28, 2023, the appellant filed a request for discovery, a request for evidence in chief, a notice of intent to use evidence, a request for a bill of particulars, and a demand for jury trial.

{¶8}   On July 3, 2023, the trial court converted the July 7, 2023, bench trial to a pretrial hearing. On July 7, 2023, the trial court issued a notice scheduling the matter for a settlement conference on August 1, 2023, a status conference on August 4, 2023, and a jury trial on August 17, 2023.

{¶9}   On July 27, 2023, the appellee filed a motion to revoke bond due to the appellant's failure, once again, to comply with the terms of his bond. On July 28, 2023, the trial court issued a journal entry-bond revocation, and the appellant was arrested on the warrant for the bond violations. The appellant appeared before the trial court on July 28, 2023, and was placed on a ten (10) day jail hold for purposes of complying with Marsy's Law statutory notice requirements.

{¶10}  On August 4, 2023, the trial court held a final status conference, reiterating the August 17, 2023, jury trial. On August 8, 2023, the appellant filed a motion to dismiss on speedy trial grounds.  On August 9, 2023, the trial court set the appellant's bond at

$25,000 cash/surety 10%. On August 8, 2023, the appellant posted bond and was released from jail.

{¶11} On August 14, 2023, the appellee filed its response in opposition to the appellant's motion to dismiss. In addition, the trial court denied the appellant's motion to dismiss in open court. The trial court journalized the denial in an August 15, 2023, Entry.

{¶12} On August 17, 2023, the appellant entered a no contest plea to six counts of Violating a Temporary Protection Order. The trial court imposed a total sentence of five-hundred forty (540) days in jail, with five-hundred fourteen (514) days suspended and credit for the twenty-six (26) days the appellant had already spent in jail, resulting in no further jail time; and, probation for two (2) years.

{¶13} The appellant filed a timely notice of appeal in which he sets forth the following sole assignment of error:

{¶14} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S REQUEST TO DISMISS THE CHARGES ON SPEEDY TRIAL GROUNDS. [August 15, 2023, Entry Pg. 4, attached as Exhibit A]"

## STANDARD OF REVIEW

{¶15} This Court recently addressed a trial court's denial of an offender's motion to dismiss on speedy trial grounds in *State v. Beal*, 2021-Ohio-3812 (5th Dist.):

Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. Larkin*, 5th Dist. Richland No. 2004-CA-103, 2005-Ohio-3122, 2005 WL 1463255, ¶ 11. As an appellate court, we must accept as true any facts found by the trial court and supported by

competent, credible evidence. *State v. Taylor*, 5th Dist. Richland No. 16 CA 17, 2016-Ohio-5912, 2016 WL 5118653, ¶ 43, citing *Larkin*, supra. With regard to the legal issues, however, we apply a *de novo* standard of review and thus freely review the trial court's application of the law to the facts. *Id.*

When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against appellee. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709 (1996); *State v. Colon*, 5th Dist. Stark No. 09-CA-232, 2010-Ohio-2326, 2010 WL 2060900, ¶ 12. *Id.* at ¶¶ 20-21.

**ANALYSIS**

**{¶16}** The appellant was charged on February 14, 2023 on six counts of Violating a Temporary Protection Order, a misdemeanor of the first degree. R.C. 2945.71 addresses the time within which a trial or hearing must be held, and with regard to misdemeanor offenses states in pertinent part:

(B) Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:

\*        \*        \*

(2) Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.

**{¶17}** The trial court scheduled the appellant's initial bench trial for April 4, 2023, well within the statutory time parameters. The appellant failed to appear. Bench warrants were issued for the appellant for both his failure to appear for trial and his failure to comply with the terms of his bond.

**{¶18}** The appellant was arrested on June 15, 2023. The trial court again scheduled the matter for a bench trial, on July 7, 2023. However, in light of the appellant's request for discovery, request for evidence in chief, notice of intent to use evidence, request for a bill of particulars, and jury demand, the trial court converted the July 7, 2023, bench trial to a pre-trial conference, and scheduled the matter for a jury trial on August 17, 2023.

**{¶19}** R.C. 2945.72 provides for the extension of time for hearing or trial, and states in pertinent part:

> The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

> *      *      *

> (D) Any period of delay occasioned by the neglect or improper act of the accused;

> (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

> *      *      *

**{¶20}** The delays in the scheduling of the appellant's trial were due to his own actions. As such, the delays fell within statutorily permitted extensions, and did not warrant dismissal on speedy trial grounds.

**{¶21}** The appellant violated the terms of his bond on multiple occasions; the appellee filed motions to revoke his bond, and the trial court issued warrants for his arrest for his actions. In addition, the appellant simply failed to appear for his initial April 4, 2023, trial. He was arrested on June 15, 2023, and the trial court scheduled the matter for a bench trial on July 7, 2023, which was within the required statutory timeframes. Any delay resulted from the appellant's own actions in the proceedings.

**{¶22}** Further, on June 28, 2023, the appellant filed a request for discovery, a request for evidence in chief, a notice of intent to use evidence, a request for a bill of particulars, and a demand for jury trial. The impact of a defendant's request for discovery on the time calculation for speedy-trial purposes was recently discussed by the Ohio Supreme Court in *State v. Belville*, 2022-Ohio-3879:

> In *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, ¶ 23, this court held that "the most sensible interpretation of R.C. 2945.72(E)" is that when a defendant requests discovery, the request operates as a tolling event. "Discovery requests," we explained, "divert the attention of prosecutors from preparing their case for trial, thus necessitating delay." *Id.* Further, a contrary rule would force prosecutors "to make hurried responses to discovery requests to avoid violating the speedy-trial statute." *Id.* We also noted that the purpose of R.C. 2945.71 was " 'to prevent inexcusable delays caused by indolence within the judicial system,'"

*id.* at ¶ 24, quoting *State v. Ladd*, 56 Ohio St.2d 197, 200, 383 N.E.2d 579 (1978), and we found nothing in *Brown* that "suggest[ed] that indolence contributed to the delay," *id.*

We have never set forth a precise number of days in which the state must respond to a discovery request for purposes of tolling. In the context of a motion in limine, we have said that "R.C. 2945.72(E) implicitly recognizes that when a motion is filed by a defendant, there is a 'period of delay necessitated'—at the very least, for a reasonable time until the motion is responded to and ruled upon." *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 26.

We see no reason why a similar standard should not apply to a defendant's discovery request. A discovery request tolls speedy-trial time for a reasonable amount of time necessary to allow the state to respond to the request. What is reasonable will necessarily be a case-by-case determination and depend on the totality of the circumstances. It might be influenced, for instance, by the complexity of the discovery requested, the good or bad faith of the state, or the steps the state must take to comply with the request.

*Id.* at ¶19 - 21.

**{¶23}** The delay in the appellant's trial dates was based solely upon his own improper conduct as well as his own court filings. As such, the trial court's denial of his motion to dismiss on speedy trial grounds was not in error. As noted by this Court in *State v. Young*, 2021-Ohio-1999 (5th Dist.):

A continuance based on a crowded docket may also be a reasonable continuance within the meaning of R.C. 2945.72(H). *See., e.g., State v. Lee,* 48 Ohio St.2d 208, 210, 357 N.E.2d 1095, 1096 (1976); *State v. Davis,* 5th Dist. Richland No. 2019 CA 0112, 2020-Ohio-3617, ¶ 28.

*Id.* at ¶ 19.

**{¶24}** Following the appellant's arrest on June 15, 2023, the trial court scheduled the matter for a bench trial on July 7, 2023, well within the statutory time-frame. The appellant filed a number of court documents - including a request for discovery, which tolled the time calculation. The trial court considered its docket and scheduled the matter for jury trial on August 17, 2023, which was within a reasonable time.

**{¶25}** We find that the trial court's Entry denying the appellant's motion to dismiss on speedy trial grounds provided sufficiently detailed reasons for its scheduling decisions, and for its denial of the appellant's motion to dismiss. Furthermore, the record establishes the reasonableness of the trial court's decision. Accordingly, we find the appellant's assignment of error to be without merit.

**CONCLUSION**

{¶26} Based upon the foregoing, the appellant's sole assignment of error is overruled, and the decision of the Fairfield County Municipal Court is hereby affirmed.

By: Baldwin, J.

Delaney, P.J. and

Hoffman, J. concur.