DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant/Appellant appeals his sentence in the Summit County Court of Common Pleas. We affirm.
 {¶ 2} This appeal consolidates three trial court cases, CR2007-02-0562, CR2007-06-2069, and CR2007-08-2712. In Case No. 0562, Defendant was indicted for one count of illegal processing of drug documents in violation of R.C. 2925.23(B)(1), a fourth-degree felony and supplementally indicted for three counts of deception to obtain dangerous drugs in violation of R.C. 2925.22, a *Page 2 
fourth-degree felony; one count of deception to obtain dangerous drugs in violation of R.C. 2925.22, a fifth-degree felony; three counts of illegal processing of drug documents in violation of R.C 2925.23(B)(1), a fourth-degree felony; and one count of illegal processing of drug documents in violation or R.C. 2925.23(B)(1), a fifth-degree felony. Defendant pled guilty to the original indictment, illegal processing of drug documents, and to counts two through five of the supplemental indictment, which included three fourth-degree felony charges and one fifth-degree felony charge of deception to obtain dangerous drugs.
 {¶ 3} In Case Number 2069, Defendant was indicted for, and pled guilty to, one count of illegal processing of drug documents in violation of R.C. 2925.23(B)(1), a fourth-degree felony.
 {¶ 4} In Case Number 2712, Defendant was indicted for, and pled guilty to, deception to obtain dangerous drugs in violation of R.C. 2925.22 and illegal processing of drug documents in violation of R.C. 2925.23(B)(1), both fourth degree felonies.
 {¶ 5} On September 5, 2007, the trial court conducted a plea and sentencing hearing during which it accepted Defendant's guilty pleas and ordered that Defendant's sentences on each case number be served consecutively for a total sentence of three and one-half years incarceration. Defendant timely appealed his sentence and raises one assignment of error. *Page 3 
 Assignment of Error "The trial court abused its discretion by imposing consecutive sentences."
 {¶ 6} In his sole assignment of error, Defendant asserts that the trial court erred when it "failed to take into account all of the aforementioned general statutory factors guidance factors" of R.C.2929.11 and R.C. 2929.12.
 {¶ 7} This Court reviews a trial court's imposition of sentence for abuse of discretion. State v. Williams, 9th Dist. No. 05CA008804,2006-Ohio-4310, at ¶ 30, citing State v. Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 11-12. In State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio "concluded that trial courts have full discretion to impose a prison sentence within the statutory range" and "vest[ed] sentencing judges with full discretion" in sentencing. Foster at ¶ 100. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 8} In Foster, the Court noted that "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to `consider' the statutory factors." Foster, supra, at ¶ 42. Moreover, post Foster, it is axiomatic *Page 4 
that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." State v. Smith, 9th Dist. No. 23468, 23464,2007-Ohio-5524, at ¶ 31, quoting Foster at paragraph seven of the syllabus. "Therefore, post-Foster, trial courts are still required to consider the general guidance factors in their sentencing decisions."Smith at ¶ 31. Finally, we note that, "a judge is no longer required under R.C. 2929.14(E)(4) to make any particular finding before imposing consecutive sentences." State v. Stewart, 9th Dist. No. 05CA0106-M, 2066-Ohio-5066, at ¶ 6, citing Foster, 109 Ohio St.3d at paragraph four of the syllabus. A review of the record here demonstrates that the trial court's decision to impose consecutive sentences took into account the proper statutory factors.
Defendant was convicted of six fourth-degree felonies and one fifth-degree felony. Accordingly, the trial court was permitted to utilize its discretion to sentence him within the range of six to 18 months of incarceration for each of the fourth-degree felonies and six to twelve months for the fifth-degree felony. R.C. 2929.14(A)(4) and (5). Defendant was sentenced to 18 months of imprisonment in case number 0562, 12 months imprisonment in case number 2069, and 12 months imprisonment in case number 2712, to be served consecutively for a total of three and one-half years incarceration. Defendant's sentence fell within the statutory ranges set forth in R.C. 2929.14. *Page 5 
 {¶ 9} Upon review, this Court cannot say that the trial court abused its discretion in sentencing Defendant to consecutive terms for a total of three and one-half years incarceration. The record reflects that Defendant had a substantial record including multiple juvenile adjudications and adult convictions. R.C. 2929.12(D)(2). Furthermore, Appellant had a history of alcohol and/or drug abuse. R.C.2929.12(D)(4). The trial court's sentence reflects a consideration of the purposes of felony sentencing under R.C. 2929.11. In sentencing Defendant, the trial court stated:
 "You've needed help for so many years[.] * * * You started with a juvenile record in 91, 92. Then you go into an adult record in 93, 94, domestic violence, menacing, contributing to delinquency, burglary, theft, resisting, misrepresenting ID, you have your deception, not only in Summit County, in Medina and Stark counties. It has just been one thing after another."
 * * *
 "[Defendant has] needed [drug treatment] for a long time. He has had it available in the community and has not used it. He just keeps re-offending and re-offending. He needs a wake-up call."
The trial court's judgment entries indicate that, "[t]he Court has considered the record, oral statements, as well as the principles and purposes of sentencing under O.R.C. 2929.11, and the seriousness and recidivism factors under O.R.C. 2929.12."
 {¶ 10} Accordingly, based upon a consideration of the factors in R.C.2929.12 and the purpose of felony sentencing as contained in R.C.2929.11, we cannot say that the trial court abused its discretion in sentencing Defendant to *Page 6 
consecutive terms of imprisonment resulting in three and one-half years of incarceration.
 {¶ 11} Defendant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 7 
Costs taxed to Appellant.
 CARR, P. J. DICKINSON, J. CONCUR *Page 1