[Cite as *State v. Casey*, 2012-Ohio-744.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| STATE OF OHIO | | C.A. No. 11CA0054-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JASON R. CASEY | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 10CR0494 |

DECISION AND JOURNAL ENTRY

Dated: February 27, 2012

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Jason Casey, appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I

{¶2} After drinking heavily and becoming intoxicated, Casey decided to sleep at his brother's house for a part of the night. He left the house at 5:00 a.m. and drove his truck onto State Route 83. Casey drifted from his lane of travel and collided head on with another car driven by Danny Saffle. Saffle died as a result of the injuries he sustained. Casey admitted to the trooper at the scene that he had been drinking and submitted to a blood alcohol test. He registered a blood alcohol content level of .158.

{¶3} On September 29, 2010, a grand jury indicted Casey on two counts of aggravated vehicular homicide, in violation of R.C. 2903.06(A)(1)(a), and one count of aggravated vehicular homicide, in violation of R.C. 2903.06(A)(2)(a). Casey pleaded guilty to all three counts, and

the trial court entered a finding of guilt. A sentencing hearing took place on March 31, 2011, at which point the State elected to have Casey sentenced only on the first count, one violation of R.C. 2903.06(A)(1)(a). The trial court sentenced Casey to seven years in prison and imposed a lifetime driver's license suspension.

{¶4} Casey now appeals from his conviction and raises two assignments of error for our review.

## II

### Assignment of Error Number One

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SENTENCING THE APPELLANT TOO HARSHLY.

{¶5} In his first assignment of error, Casey argues that the trial court erred by sentencing him too harshly. Specifically, he argues that the factors set forth in R.C. 2929.12 do not support the seven year sentence he received. We disagree.

{¶6} Trial courts have "full discretion * * * to sentence defendants within the bounds prescribed by statute." *State v. Evans*, 9th Dist. No. 09CA0049-M, 2010-Ohio-3545, ¶ 32, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraphs one through seven of the syllabus. Appellate courts apply a two-step approach in reviewing the sentence that a trial court has imposed upon a defendant. *Evans* at ¶ 32, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 4. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." *Kalish* at ¶ 4. An abuse of discretion implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶7} Because Casey committed a second-degree felony, the trial court had the authority to impose a prison sentence ranging from two to eight years upon him. R.C. 2929.14(A)(2). Casey received a sentence of seven years, so his sentence fell within the guideline range for his offense. *See id.* He admits that the trial court imposed less than the possible eight-year maximum, but argues that his sentence was too harsh. In essence, he argues that the court imposed his sentence without properly considering the principals and purposes of sentencing set forth in R.C. 2929.11 and 2929.12. He further argues that it was improper for the trial court to consider his juvenile record in making its sentencing decision.

{¶8} R.C. 2929.11 governs the overriding purposes of felony sentencing and defines those purposes as the need "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on [S]tate * * * resources." R.C. 2929.11(A). It instructs a sentencing court, in selecting a sentence, to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* "R.C. 2929.12(A) sets forth the general guidance factors associated with felony sentencing, including the seriousness of the conduct, the likelihood of recidivism, and 'any other factors that are relevant to achieving those purposes and principles of sentencing.'" *State v. Jones*, 9th Dist. No. 24469, 2010-Ohio-879, ¶ 39, quoting R.C. 2929.12(A).

{¶9} Casey was twenty-six years old at the time of this offense and had three children. The trial court noted that Casey had a lengthy prior record, including crimes he committed as a juvenile and an adult. Casey's juvenile record contained adjudications for criminal damaging, burglary, petty theft, assault, unauthorized use of a motor vehicle, and prohibitions against the

use of alcohol. Casey's adult record contained convictions for contributing to the delinquency of a minor, two counts of assault, criminal damaging, a license suspension, and a prior conviction for operating a motor vehicle while intoxicated in 2005. In sum, Casey had five license suspensions and fifteen traffic convictions on his record. The court further noted that Casey had a blood alcohol content of nearly twice the legal limit at the time of his offense and after several hours of sleep. Accordingly, Casey drank a significant amount of alcohol before deciding to drive his truck at 5:00 a.m. On the other hand, Saffle, a Vietnam veteran with a large family, was driving to work where he was employed at a steel mill. Saffle's son testified that he drove past the scene of his father's accident on the way to work that same morning, not realizing that his father was the one involved in the accident until he received a phone call several hours later. Dylan Saffle testified that the accident has taken a serious toll on his family and that he thinks about it every morning as he passes the same location on his drive to work.

{¶10} The trial court gave serious weight to the fact that Casey had an extensive record and consumed a large amount of alcohol here. The court acknowledged that Casey expressed remorse for his actions and may have suffered from problems with alcohol as well as a mental illness at the time of his offense. The trial court did not sentence Casey to the maximum after explaining to the Saffle family that the court had seen worse records than Casey's. Even so, the court refused to adopt Casey's request for a four-year sentence and imposed seven years upon him, consistent with the State's recommendation.

{¶11} "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus. Further, "where the trial court does not put on the

record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes." (Alterations omitted.) *State v. Steidl*, 9th Dist. No. 10CA0025-M, 2011-Ohio-2320, ¶ 13, quoting *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶ 18, fn. 4. In considering the appropriate sentence for an offender, a trial court may consider the prior offenses for which the offender was adjudicated as a juvenile. R.C. 2929.12(D)(2). *Accord State v. Molnar*, 9th Dist. Nos. 23915, 24021 & 24022, 2008-Ohio-2312, ¶ 9-10; *State v. Holt*, 9th Dist. No. 21835, 2004-Ohio-3252, ¶ 23-25.

{¶12} In reviewing the record here, we cannot say that the trial court failed to consider the principals and purposes of sentencing contained in R.C. 2929.11 and 2929.12. The court considered the great degree of harm that Casey inflicted, the enormous irresponsibility of his actions, and the size of his prior record. The court sentenced Casey within the statutory range for his second-degree felony and properly exercised its discretion in sentencing him to seven years in prison. Thus, Casey's sentence is not contrary to law and does not amount to an abuse of the trial court's discretion. *Evans*, 2010-Ohio-3545, at ¶ 32, quoting *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶ 4. Casey's first assignment of error is overruled.

Assignment of Error Number Two

THE APPELLANT/DEFENDANT, JASON R. CASEY, WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.

{¶13} In his second assignment of error, Casey argues that he was denied the effective assistance of counsel. Specifically, he argues that his counsel failed to object to the trial court's consideration of his juvenile record as part of its sentencing decision and omitted key mitigation evidence. We disagree.

{¶14} To prove an ineffective assistance claim, Casey must show two things: (1) that counsel's performance was deficient to the extent that "counsel was not functioning as the

'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate prejudice, "defendant must demonstrate that there is a reasonable probability that, but for his counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *State v. Evans*, 9th Dist. No. 09CA0049-M, 2010-Ohio-3545, ¶ 4. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland* at 691. Furthermore, this Court need not address both *Strickland* prongs if an appellant fails to prove either one. *State v. Ray*, 9th Dist. No. 22459, 2005-Ohio-4941, ¶ 10.

{¶15} First, Casey argues that his counsel was ineffective because he should have objected to the introduction of evidence from his juvenile record. As set forth above, a trial court is permitted to consider an offender's juvenile record in making its sentencing decision. R.C. 2929.12(D)(2). *Accord Molnar*, 2008-Ohio-2312, at ¶ 9-10; *Holt*, 2004-Ohio-3252, at ¶ 23-25. There was no reason for Casey's counsel to object to the trial court's consideration of Casey's juvenile record. Consequently, his counsel's performance was not deficient on that basis.

{¶16} Second, Casey argues that his counsel was ineffective because he omitted mitigation evidence. Casey avers that his counsel "failed to connect any link between the diagnosis of bipolar disorder and the mixture of alcohol or any additional impairment that the medication that [he] was taking might have caused." Casey's counsel did inform that trial court, however, that Casey had visited the Nord Center and that they had diagnosed him with bipolar disorder and a mild form of schizophrenia. His counsel orally provided the court with the list of medications Casey was taking at the time of the hearing and noted the improvement that the medications had had upon him. Contrary to Casey's assertion on appeal, there is no evidence in

the record that he was taking any medication at the time of the accident. His counsel only informed the court of the medication he was taking at the time of sentencing. Indeed, his counsel told the court that Casey had experienced more problems when his prescription medications were rescinded in 1999, more than ten years before the accident. Nothing in the record suggests that Casey was on any medication at the time of the accident. During his allocution, Casey did not even mention his bipolar disorder, much less indicate that it may have contributed somehow to the accident. His argument that any additional information about his disorder would have had a mitigating effect is wholly speculative and not a basis for an ineffective assistance claim. *State v. Halsell*, 9th Dist. No. 24464, 2009-Ohio-4166, ¶ 30 ("A defendant must demonstrate actual prejudice, and speculation regarding the prejudicial effects of counsel's performance will not establish ineffective assistance of counsel."). Casey's second assignment of error is overruled.

### III

**{¶17}** Casey's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                          _____

                                          BETH WHITMORE
                                          FOR THE COURT

CARR, J.
CONCURS

BELFANCE, J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

KENNETH J. LEWIS, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.