[Cite as *State v. Dennison*, 2012-Ohio-1119.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| STATE OF OHIO | | C.A. No. 11CA0046-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHARLES T. DENNISON | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 10-CR-0623 |

DECISION AND JOURNAL ENTRY

Dated: March 19, 2012

BELFANCE, Judge.

{¶1} Charles Dennison appeals from his conviction for failure to comply with the order or signal of an officer. For the reasons set forth below, we affirm.

I.

{¶2} Mr. Dennison hit another vehicle with his car and proceeded to flee the scene. The driver of the other vehicle called 9-1-1 and reported the accident. A police officer subsequently observed Mr. Dennison's vehicle and noticed that, despite it being dark, Mr. Dennison did not have his headlights on. The officer activated his lights and siren, but Mr. Dennison did not stop his car. Instead, Mr. Dennison repeatedly weaved across the centerline as he continued down the road and eventually turned onto the interstate.

{¶3} After entering the interstate, Mr. Dennison accelerated to approximately 100 mph, while continually weaving between lanes. However, he soon lost control of his car and fishtailed down an embankment. Police surrounded his car and told him to turn off the engine and to get

out. Instead of complying, Mr. Dennison tried to drive away, but his wheels did not have any traction. In order to take Mr. Dennison into custody, the police officers were forced to break the window of Mr. Dennison's car and tase him.

{¶4} Mr. Dennison pleaded no contest to failure to comply. The trial court found him guilty, and sentenced him to five years in prison and ordered a lifetime suspension of his driver's license. He has appealed, raising a single assignment of error for our review.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN VIOLATION OF DEFEND[AN]T-APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW BY IMPOSING THE MAXIMUM POSSIBLE PRISON TERM OF FIVE YEARS AND LIFETIME DRIVER'S LICENSE SUSPENSION FOR THE DEFENDANT-APPELLANT'S SOLELY-CHARGED OFFENSE OF FAILURE TO COMPLY WITH ORDER OR SIGNAL OF POLICE OFFICER IN VIOLATION OF R.C. 2921.331(B), WHERE THE RECORD DOES NOT REFLECT THAT THE TRIAL COURT CONSIDERED THE REQUIRED SENTENCING FACTORS UNDER R.C. 2929.12, R.C. 2929.13 AND R.C. 2921.331(C)(5)(B).

{¶5} Mr. Dennison's assignment of error is that the trial court erred by imposing the maximum possible prison term and a lifetime driver's license suspension for the failure to comply offense. He argues that the record does not reflect that the trial court considered the sentencing factors under R.C. 2929.12, 2929.13 and 2921.331(C)(5)(b). We disagree.

{¶6} When reviewing a defendant's sentence, an appellate court must first examine whether the trial court complied with all applicable rules and statutes in order to determine if the sentence is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 4. If this first prong is satisfied, then the trial court's decision is reviewed for an abuse of discretion. *Id*. An abuse of discretion implies that the trial court's decision was arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶7}** Mr. Dennison pleaded no contest to the charge that he

> unlawfully did operate a motor vehicle * * * so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop; and said operation did cause a substantial risk of serious physical harm to persons or property, in violation of [R.C.] 2921.331(B) * * *.

When a violation of R.C. 2921.331(B) involves "a substantial risk of serious physical harm to persons or property[,]" the offense constitutes a third-degree felony. R.C. 2921.331(C)(5)(a)(ii). When Mr. Dennison was sentenced, former R.C. 2929.14(A)(3) provided that a third-degree felony was punishable by a prison term of one, two, three, four, or five years. In addition to a prison term, Mr. Dennison was subject to a license suspension ranging from three years to life. R.C. 2921.331(E); R.C. 4510.02(A)(2).

**{¶8}** The trial court imposed a five year prison sentence and a lifetime license suspension. This sentence was within the permissible statutory range. *See* R.C. 2929.14(A)(3); R.C. 2921.331(E); R.C. 4510.02(A)(2); *Kalish* at ¶ 4, 15. Notwithstanding, Mr. Dennison argues that the sentence was contrary to law because the record does not reflect that the trial court considered the factors contained in R.C. 2929.12 and 2929.13. R.C. 2929.12 sets forth various factors that a sentencing court must consider in order to evaluate the seriousness of the offender's conduct and the likelihood of recidivism, in addition to any other "factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A); R.C. 2929.12(B)-(E).

**{¶9}** With respect to R.C. 2929.12, even when a trial court does not expressly state its consideration of the sentencing statutes on the record, it is presumed that it gave those statutes the proper consideration. *See Kalish* at ¶ 18, fn. 4, citing *State v. Adams*, 37 Ohio St.3d 295 (1988), paragraph three of the syllabus; *see also State v. Gordon*, 9th Dist. No. 25531, 2011-

Ohio-3938, ¶ 27. The record does reflect that, in addition to consideration of a presentence report, which is not part of this record, before sentencing Mr. Dennison, the trial court discussed the facts of the case as well as his lengthy criminal history, which included multiple convictions for operating a vehicle while intoxicated and operating a vehicle while under a suspension. Mr. Dennison does not dispute any of the statements made by the trial court. When it sentenced him, the trial court stated, "That's as much as I can give you. I wish I could give you more to protect the citizens of Medina County." The trial court also gave Mr. Dennison a lifetime license suspension, but noted that "[t]hat means nothing to you[.]"

{¶10} The trial court remarked that, despite all of his convictions, Mr. Dennison continued to drink and drive and to drive under a suspension. *See* R.C. 2929.12(D)(3) (providing that the fact that "the offender has not responded favorably to sanctions previously imposed for criminal convictions[]" is an indicator "that the offender is likely to commit future crimes[]"). Furthermore, though he told the trial court that he was sorry for his actions, the trial court remarked that Mr. Dennison rolled his eyes when it listed his previous convictions. *See* R.C. 2929.12(D)(5) (providing that an offender showing no genuine remorse for the offense is an indicator that the offender is likely to commit future crimes).

{¶11} With respect to R.C. 2929.13, there are many sections of the statute that could not be relevant to sentencing Mr. Dennison, and he has not explained how the record fails to reflect proper consideration of this statute. *See, e.g.,* R.C. 2929.13(B)(1)(a) (setting forth considerations if offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence).

{¶12} Mr. Dennison also complains that the sentence is contrary to law because the record does not reflect that the trial court considered R.C. 2921.331(C)(5)(b). R.C.

2921.331(C)(5)(b) provides that, if a defendant is found guilty of the third-degree offense of failure to comply, the trial court is to consider, in addition to the factors set forth in R.C. 2929.12 and R.C. 2929.13, the following factors when sentencing the defendant:

(i) The duration of the pursuit;

(ii) The distance of the pursuit;

(iii) The rate of speed at which the offender operated the motor vehicle during the pursuit;

(iv) Whether the offender failed to stop for traffic lights or stop signs during the pursuit;

(v) The number of traffic lights or stop signs for which the offender failed to stop during the pursuit;

(vi) Whether the offender operated the motor vehicle during the pursuit without lighted lights during a time when lighted lights are required;

(vii) Whether the offender committed a moving violation during the pursuit;

(viii) The number of moving violations the offender committed during the pursuit;

(ix) Any other relevant factors indicating that the offender's conduct is more serious than conduct normally constituting the offense.

{¶13} The Ohio Supreme Court has never held that consideration of the R.C. 2921.331(C)(5)(b) factors is presumed even where the record is silent. However, appellate courts have concluded that a trial court's discussion at sentencing of facts that reflect the factors in R.C. 2921.331(C)(5)(b) indicate that the trial court considered the statute. *See, e.g., State v. Jordan*, 3rd Dist. No. 6-11-05, 2011-Ohio-6015, ¶ 19-20; *State v. Blanton*, 2nd Dist. No. 23745, 2010-Ohio-6212, ¶ 29-31. In this case, the record reflects the trial court's consideration of the enumerated factors. For example, in addition to the court's recitation of the facts and review of Mr. Dennison's criminal history (R.C. 2921.331(C)(5)(b)(ix)), the trial court noted that Mr. Dennison traveled at an extremely high rate of speed (R.C. 2921.331(C)(5)(b)(iii)) without his

headlights on at night (R.C. 2921.331(C)(5)(b)(vi)) while intoxicated (R.C. 2921.331(C)(5)(b)(ix)) and while committing multiple moving violations, including weaving between lanes and into the lane for oncoming traffic (R.C. 2921.331(C)(5)(b)(vii)-(viii)). Though the trial court did not expressly state the distance travelled or the time of the chase, it did recount the path Mr. Dennison took from the time he struck the other car to where he began to flee from the officer to where he finally was arrested. *See* R.C. 2921.331(C)(5)(b)(i)-(ii).

{¶14} In light of the record before us, Mr. Dennison has not established that his sentence is contrary to law. *See Kalish*, 2008-Ohio-4912, at ¶ 4.

{¶15} Mr. Dennison has included one sentence in his merit brief in which he states that the trial court abused its discretion in imposing the maximum penalties. However, Mr. Dennison has not developed any argument that the trial court abused its discretion, having confined his arguments to the first prong of the *Kalish* test. *See* App.R. 16(A)(7). Regardless, we do not discern anything in the record which suggests that the trial court's exercise of its discretion was arbitrary, unreasonable, or unconscionable.

{¶16} The trial court properly considered the relevant sentencing statutes when it sentenced Mr. Dennison, and, given the record in this case, the trial court did not abuse its discretion when it sentenced him to the maximum sentence allowed. His assignment of error is overruled.

III.

{¶17} Mr. Dennison's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.