[Cite as *State v. Hume*, 2013-Ohio-2668.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 26201 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| KEITH RICHARD HUME | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 11 06 1410 |

DECISION AND JOURNAL ENTRY

Dated: June 26, 2013

CARR, Judge.

{¶1} Appellant Keith Hume appeals his sentence imposed by the Summit County Court of Common Pleas. This Court affirms in part, reverses in part, and remands.

I.

{¶2} Hume pleaded guilty to one count of felonious assault, one count of failure to comply with order or signal of a police officer (a felony of the third degree), one count of falsification, and one count of unauthorized use of a vehicle. The trial court sentenced Hume to a total of seven years of incarceration, ordered that he pay restitution to the victim in the amount of $1,842.00, and suspended his driving privileges for the remaining period of his lifetime. Hume appealed and raises three assignments of error for review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERR[]ED WHEN IT IMPOSED RESTITUTION OVER DEFENSE COUNSEL'S OBJECTION WITHOUT HOLDING A RESTITUTION HEARING[.]

{¶3}    Hume argues that the trial court erred in imposing restitution in this case. This Court agrees.

{¶4}    R.C. 2929.18(A)(1) allows a trial court to order restitution as part of the defendant's sentence when imposing sentence on a felony. The trial court may base the amount of restitution ordered "on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." *Id*. If the victim or offender disputes the amount of restitution, the trial court must hold a hearing. *Id*.

{¶5}    Prior to sentencing, the trial court ordered a presentence investigation report and victim impact statement. The court noted that it had reviewed those in preparation for sentencing. The trial court based its determination that restitution was warranted on information in the presentence investigation report, specifically $2500 in medical costs and $1842 for the value of items stolen. The court then heard arguments from counsel and statements from the victim and Hume on the issue of the amount of restitution. The State made reference to a bonus check received by the victim on the day of the commission of the offense. The victim then clarified that the attorney general's office would be reimbursing her for medical costs, so she was not requesting restitution for those costs. The State confirmed that Hume would be responsible

to the attorney general's fund, not the victim, for the victim's medical costs. Hume objected to the imposition of restitution for the victim's bonus check. He claimed that while both he and the victim had outstanding personal property claims stemming from the time they lived together, the instant criminal proceeding was not the proper forum to resolve those issues.

{¶6} Although Hume notes on appeal that the trial court did not hold a separate restitution hearing in this case, it is apparent from the transcript as well as the argument set forth in Hume's merit brief that his primary challenge concerns the trial court's decision to order restitution for an apparent uncharged theft offense. As Hume asserts that requiring him to pay restitution for an apparent theft violated R.C. 2929.18(A)(1), he has raised a question of law. *Wetterman v. B.C.*, 9th Dist. No. 12CA0021-M, 2013-Ohio-57, ¶ 8. As noted above, R.C. 2929.18(A)(1) permits the trial court to order restitution in an amount that "shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." Here, the trial court ordered Hume to pay restitution to the victim in the amount of $1842, the amount representative of the value of the items stolen. While Hume was convicted of felonious assault, however, he was never charged with, or convicted of, a theft offense. Thus, the amount of restitution was not a direct and proximate result of the commission of the offense for which Hume was convicted. It follows that the trial court erred in ordering restitution.

{¶7} The first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN VIOLATION OF DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW BY IMPOSING THE MAXIMUM POSSIBLE PRISON TERM OF THREE YEARS AND A LIFETIME DRIVER'S LICENSE SUSPENSION FOR THE DEFENDANT-APPELLANT'S OFFENSE OF FAILURE TO COMPLY WITH ORDER OR SIGNAL OF POLICE OFFICER

IN VIOLATION OF R.C. 2921.331(B), WHERE THE RECORD DOES NOT REFLECT THAT THE TRIAL COURT CONSIDERED THE REQUIRED SENTENCING FACTORS UNDER R.C. 2929.12, R.C. 2929.13 AND R.C. 2921.331(C)(5)(B).

{¶8}   Hume argues that the sentence imposed by the trial court for the offense of failure to comply with order or signal of a police officer was contrary to law because the court failed to consider the factors contained in R.C. 2929.12, 2929.13, and 2921.331(C)(5)(b).   This Court disagrees.

{¶9}   Hume concedes that his sentence falls within the permissible statutory range. Specifically, he concedes that a three-year prison term and lifetime driver's license suspension fall within the permissible statutory range for a violation of R.C. 2921.331(B).   He argues only that the trial court failed to consider the factors concerning the seriousness of the offense and the likelihood of recidivism pursuant to R.C. 2929.12, that it failed to consider the sentencing guidelines pursuant to R.C. 2929.13, and that it failed to consider the sentencing factors specific to the offense of failure to comply pursuant to R.C. 2921.331(C)(5)(b).

{¶10}   First, Hume develops no specific argument that the trial court failed to consider the sentencing guidelines for specific offenses and degrees of offenses pursuant to R.C. 2929.13. In fact, he concedes that his sentence for failure to comply fits within the permissible statutory range.   Accordingly, his argument in this regard fails.

{¶11}   Second, he argues that the trial court failed to properly consider the seriousness and recidivism factors enunciated in R.C. 2929.12.   The record tells a different story, however. The record in this case reflects that the trial court considered the presentence investigation report which is not part of the record.   In addition, the trial court discussed Hume's lengthy criminal history, the serious physical harm suffered by the victim, Hume's relationship with the victim which facilitated the offense, his prior criminal history, that fact that he was on judicial release

for serious offenses when he committed the instant criminal acts, and a disturbing pattern of violence and manipulation perpetrated by Hume. In addition, the trial court noted that the presentence investigation report indicated Hume's high risk for recidivism and that Hume informed the investigator that he believed that the victim caused her own broken rib. Accordingly, the record indicates that the trial court in fact considered the statutory factors relevant to the seriousness of the offense and Hume's likelihood to commit future crimes. Moreover, the court's sentencing entry states that the court considered the appropriate statutory factors. *See State v. Aderhold*, 9th Dist. No. 07CA0047-M, 2008-Ohio-1772, ¶ 13 (recognizing that a trial court speaks through its journal entries). Furthermore, this Court is compelled to presume the validity of the trial court's determination regarding sentencing in the absence of the presentence investigation report on which the court relied. *State v. Bennett*, 9th Dist. No. 26241, 2012-Ohio-3664, ¶ 24.

{¶12} Finally, Hume argues that the trial court failed to consider the factors enunciated in R.C. 2921.331(C)(5)(b), relevant to sentencing for failure to comply when that offense is a felony of the third degree. Those factors include: "(i) [t]he duration of the pursuit; (ii) [t]he distance of the pursuit; (iii) [t]he rate of speed at which the offender operated the motor vehicle during the pursuit; (iv) [w]hether the offender failed to stop for traffic lights or stop signs during the pursuit; (v) [t]he number of traffic lights or stops signs for which the offender failed to stop during the pursuit; (vi) [w]hether the offender operated the motor vehicle during the pursuit without lighted lights during a time when lighted lights are required; (vii) [w]hether the offender committed a moving violation during the pursuit; (viii) [t]he number of moving violations the offender committed during the pursuit; [and] (ix) [a]ny other relevant factors indicating that the offender's conduct is more serious than conduct normally constituting the offense."

{¶13} This Court has recognized that "a trial court's discussion at sentencing of facts that reflect the factors in R.C. 2921.331(C)(5)(b) indicate that the trial court considered the statute." *State v. Dennison*, 9th Dist. No. 11CA0046, 2012-Ohio-1119, ¶ 13. The record indicates that the trial court took note that Hume was involved in two high-speed chases with police, driving as fast as 120 m.p.h. The trial court characterized that as "the highest speed," opining, "I don't think you can go faster than that[.]" The trial court noted that such speed posed a substantial risk of harm to the public. In addition, the court noted that Hume participated in the high speed chases while driving under suspension and in a car that belonged to someone else who had not given him permission to use the car. In light of the trial court's discussion, it is clear that it considered the sentencing factors in R.C. 2921.331(C)(5)(b) before imposing a three-year prison term and a lifetime driver's license suspension.

{¶14} Based on a thorough review of the record, this Court concludes that Hume has not demonstrated that his sentence is contrary to law. Hume's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE COURT ERR[]ED WHEN IT CONSIDERED DEFEND[AN]T'S JUVENILE RECORD IN SENTENCING.

{¶15} Hume argues that the trial court erred by considering his juvenile arrest record in sentencing. This Court disagrees.

{¶16} Hume concedes that R.C. 2929.12(D)(2) allows the sentencing court to consider the fact that the offender was previously adjudicated a delinquent child. *Accord State v. Casey*, 9th Dist. No. 11CA0054-M, 2012-Ohio-744, ¶ 15 (recognizing that "a trial court is permitted to consider an offender's juvenile record in making its sentencing decision").

{¶17} The trial court made several references both to Hume's juvenile and adult records during the sentencing hearing based on information in the presentence investigation report. Although Hume complains that the trial court improperly considered his juvenile arrest record, he cites no authority for the proposition that the court could not in its discretion consider that information. The Ohio Supreme Court has recognized that "it is well-established that a sentencing court may weigh such factors as arrests for other crimes. * * * [T]he function of the sentencing court is to acquire a thorough grasp of the character and history of the defendant before it. The court's consideration ought to encompass negative as well as favorable data. Few things can be so relevant as other criminal activity of the defendant. 'To argue that the presumption of innocence is affronted by considering unproved criminal activity is as implausible as taking the double jeopardy clause to bar reference to past convictions.'" *State v. Burton*, 52 Ohio St.2d 21, 23 (1977), quoting *United States v. Doyle*, 348 F.2d 715, 721 (2d Cir.1965).

{¶18} Moreover, it is unclear from the transcript whether the trial court even considered Hume's juvenile arrest record. The trial court relied on information in the presentence investigation report to glean Hume's criminal history. Although the court mentioned his juvenile offenses, and accorded them significance based on the judge's history as a juvenile court judge, the court then referred to Hume's many arrests but fewer "convictions." The court did not mention Hume's arrests within the context of delinquency adjudications. In the absence of the presentence investigation report within the record, this Court cannot determine whether any of the arrests noted by the trial court occurred while Hume was a minor. As we have before noted in regard to Hume's challenges to his sentence, this Court is compelled to presume the validity of the trial court's sentencing determinations in the absence of the presentence investigation report

on which the court relied. *Bennett*, 2012-Ohio-3664, at ¶ 24. Hume's third assignment of error is overruled.

## III.

{¶19} Hume's first assignment of error is sustained. The remaining assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part, and reversed in part, and remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
CONCURS.

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

RHONDA L. KOTNIK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.